**IN THE UNITED STATES DISTRICT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **DAVID SPRIGGS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No.:  4:20-cv-00154-BP** |
| | ) | |
| **THE DRUNKEN FISH, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**THE DRUNKEN FISH, INC.'S SUGGESTIONS IN SUPPORT**
**OF ITS MOTION TO DISMISS**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................................II

I.      INTRODUCTION ...................................................................................................1

II.      STANDARD OF REVIEW ....................................................................................2

III.      ARGUMENTS AND AUTHORITIES ...................................................................3

     A.      Plaintiff's Complaint Should be Dismissed Because Plaintiff Fails to State
            a Race Discrimination Claim under Section 1981. ..................................................3

           1.      Plaintiff has not alleged any racial discrimination impairing his
                 contractual rights, which is the fourth element of Plaintiff's Section
                 1981 Claim. .........................................................................................3

                 a.      Drunken Fish did not interfere with Plaintiff's contractual
                       right because Plaintiff -- not Drunken Fish -- "thwarted"
                       any attempt to make a contract. ....................................................4

                 b.      Drunken Fish did not interfere with Plaintiff's contractual
                       rights because Plaintiff, at worst, suffered a delay in
                       service, which is insufficient to constitute a claim under
                       Section 1981. ................................................................................7

           2.      Plaintiff's Complaint Must be Dismissed Because Plaintiff Fails to
                 Plead any Intentional Racial Discrimination, which is the Second
                 Element of His Section 1981 Claim. .....................................................9

                 a.      Plaintiff fails to plead any specific, or even general, facts of
                       racial animus. ..............................................................................10

                 b.      Plaintiff fails to plead he was treated differently from
                       similarly situated nonmembers of his protected class...................11

                 c.      Plaintiff fails as a matter of law to plead that he was
                       similarly situated to the unidentified Caucasian male. .................11

           3.      Plaintiff's Complaint Must be Dismissed Because Plaintiff Fails to
                 Plead He Engaged in Protected Activity, Which Is the Third
                 Element of His Section 1981 Claim. .....................................................14

IV.      CONCLUSION .....................................................................................................15

<h1 style="text-align:center">TABLE OF AUTHORITIES</h1>

## CASES

Arguello v. Conoco, Inc.,
  330 F.3d 355 (5th Cir. 2003) ...................................................................5

Ashcroft v. Iqbal,
  556 U.S. 662 (2009) .........................................................................2, 10

Avington v. Andales Rest. Corp.
  No. 10-CV-0640-CVE-FHM, 2011 WL 256879 (N.D. Okla. Jan. 25, 2011) ...........................8

Bagley v. Ameritech Corp.,
  220 F.3d 518 (7th Cir. 2000) ................................................................5

Bediako v. Stein Mart, Inc.,
  354 F.3d 835 (8th Cir. 2004) ................................................................3

Bell Atl. Corp. v. Twombly,
  550 U.S. 544 (2007) ...........................................................................2

Colomer v. Wells Fargo Bank, N.A.,
  CV 09-3876-VBF(JWJX), 2009 WL 10675562 (C.D. Cal. Sept. 8, 2009) ...........................11

Combs v. Cordish Companies, Inc.,
  No. 14-0227-CV-W-ODS, 2015 WL 3716190 (W.D. Mo. June 15, 2015) .............................3

Combs v. The Cordish Companies, Inc.,
  862 F.3d 671 (8th Cir. 2017) ..............................................................3, 4

Connectors Realty Grp. Corp. v. State Farm Fire & Cas. Co.,
  No. 19 C 743, 2019 WL 5064699 (N.D. Ill. Oct. 9, 2019)....................................10

Dickerson v. State Farm Fire & Cas. Co.,
  1996 WL 445076 (S.D.N.Y. 1996)............................................................10

Edwards v. PAR Elec. Contractors, Inc.,
  No. 19-00126-CV-W-BP, 2019 WL 2745743 (W.D. Mo. July 1, 2019)............................2, 3

Elmahdi v. Marriott Hotel Services, Inc.,
  339 F.3d 645 (8th Cir. 2003) ................................................................5

Evans v. McKay,
  869 F.2d 1341 (9th Cir. 1989) .............................................................10

Garrett v. Tandy Corp.,
  295 F.3d 94 (1st Cir. 2002)..................................................................5

Gen. Bldg. Contractors Ass'n, Inc. v. Pennsylvania,
  458 U.S. 375 (1982) .........................................................................10

Green v. Dillard's, Inc.,
  483 F.3d 533 (8th Cir. 2007) .....................................................3, 4, 5, 14

Gregory v. Dillard's, Inc.,
   565 F.3d 464 (8th Cir. 2009) ......................................................................passim

Hampton v. Dillard Dep't Stores, Inc.,
   247 F.3d 1091 (10th Cir. 2001) .........................................................................5

Harrison v. Denny's Restaurant, Inc.,
   1997 WL 227963 (N.D.Cal. April 24, 1997).......................................................7

Jafree v. Barber,
   689 F.2d 640 (7th Cir. 1982) ............................................................................10

Kerckhoff v. Kerckhoff,
   369 F. Supp. 1165, 1166 (E.D. Mo. 1974) ........................................................11

Littlejohn v. City of New York,
   795 F.3d 297 (2d Cir. 2015) .............................................................................10

Lizardo v. Denny's Inc.,
   270 F.3d 94 (2d Cir. 2001) ...............................................................................12

McCaleb v. Pizza Hut of Am., Inc.,
   28 F. Supp. 2d 1043 (N.D. Ill. 1998) ..................................................................7

Mears v. Allstate Indemnity Co.,
   336 F. Supp. 3d 141 (E.D.N.Y. 2018)................................................................10

*Morris v. Dillard Dep't Stores, Inc.*,
   277 F.3d 743 (5th Cir.2001) .............................................................................14

Morris v. Office Max, Inc.,
   89 F.3d 411 (7th Cir. 1996) ................................................................................5

Robertson v. Burger King, Inc.,
   848 F.Supp. 78 (E.D.La. 1994)........................................................................6, 7

Shumway v. United Parcel Serv., Inc.,
   118 F.3d 60, 64 (2d Cir. 1997) .........................................................................12

Smith v. Planned Parenthood of St. Louis Region
   No. 4:03-CV-1727 CAS, 2005 WL 2298202 (E.D. Mo. Sept. 21, 2005) ..............6, 7

Stalley v. Catholic Health Initiatives,
   509 F.3d 517 (8th Cir. 2007) ..............................................................................2

Stearnes v. Baur's Opera House, Inc.,
   788 F.Supp. 375 (C.D.Ill.1992) ..........................................................................6

Stucky v. Wal-Mart Stores, Inc.,
   No. 02-CV-6613 CJS(P), 2005 WL 2008493 (W.D.N.Y. Aug. 22, 2005) ...............12

Thomas v. Foods Festival, Inc.,
   No. 4:10-CV-01010-DGK, 2012 WL 2577517 (W.D. Mo. July 3, 2012)................14

Turner v. Gonzales,
   421 F.3d 688 (8th Cir. 2005) ............................................................................11

Watson v. Fraternal Order of Eagles,
915 F.2d 235 (6th Cir. 1990) ......................................................................................6

Westcott v. City of Omaha,
901 F.2d 1486 (8th Cir. 1990) ....................................................................................2

White v. Denny's Inc.,
918 F. Supp. 1418 (D. Colo. 1996)..............................................................................8

Williams v. First Nat. Bank of St. Louis,
No. 4:14CV01458 ERW, 2014 WL 5800199 (E.D. Mo. Nov. 7, 2014)..................................10

Withers v. Dick's Sporting Goods, Inc.,
2010 WL 11545685 (W.D. Mo. Jan. 7, 2010) ....................................................................5, 6

**STATUTES**

42 U.S.C. § 1981..........................................................................................................1

**RULES**

Rule 12(b)(6) of the Federal Rules of Civil Procedure .............................................1, 2

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant The Drunken Fish, Inc. ("Drunken Fish"), requests that the Court dismiss with prejudice Plaintiff David Spriggs' Petition (the "Complaint") because Plaintiff has failed to plead facts sufficient to state a claim to relief that is plausible on its face. Plaintiff's Complaint attempts to allege a single cause of action against Drunken Fish of discrimination based on race under 42 U.S.C. § 1981 ("Section 1981"). In support of its Motion, Defendant states as follows.

## I.   INTRODUCTION[1]

In May 2018, Plaintiff alleges an unknown "representative" of Drunken Fish discriminated against him based on his race by denying his **party of three** the ***immediate*** ability to take advantage of Drunken Fish's happy hour because he did not have a reservation and all of the tables were reserved. (Compl. ¶¶11-14, 17-18.) Plaintiff further alleges an unknown Caucasian individual entered Drunken Fish and was allowed to be seated as a **party of one** because that individual's name was on the list of reservations. (Compl. ¶19.) Notably, Plaintiff neither pleads that any Caucasian individual without a reservation was seated nor that any other party of three – regardless of race – was permitted to be seated. (See Compl. ¶¶6-21.) Plaintiff further fails to plead any information as to the races of any individuals already seated at Drunken Fish. (See Compl. ¶¶6-21.)

Upon learning no tables were available at that time, Plaintiff chose to leave the restaurant instead of making a reservation or waiting for a table to become available. (Compl. ¶20.) After leaving the restaurant and eventually returning home, Plaintiff alleges that he later called Drunken Fish, and Drunken Fish advised him that he could take advantage of tables that at ***that*** time had

---

[1]These facts are taken from the Complaint and are assumed to be true for the purpose of Defendant's Motion to Dismiss only.

become available on a "first come first serve basis."  Id.  Plaintiff declined the offer to take advantage of the then-available happy hour tables.  (See Compl. ¶¶20-21.)

## II.     STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 569 (2007).  This standard requires the plaintiff to "assert facts that affirmatively and plausibly suggest that the pleader has the right he claims ..., rather than facts that are merely consistent with such a right."  Stalley v. Catholic Health Initiatives, 509 F.3d 517, 521 (8th Cir. 2007).

While a court must take the facts in the light most favorable to the plaintiff, the plausibility standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).   "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  Edwards v. PAR Elec. Contractors, Inc., No. 19-00126-CV-W-BP, 2019 WL 2745743, at *3 (W.D. Mo. July 1, 2019) (internal quotations and citations omitted).  Accordingly, in examining a complaint under Rule 12(b)(6), a court will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable.  Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990).

Dismissal under Rule 12(b)(6) is therefore appropriate when a complaint fails to allege facts establishing each element of its claims.  Iqbal, 556 U.S. at 678-80; Twombly, 550 U.S. at 555-56.  "A district court, therefore, is not required to divine the litigant's intent and create claims that are not clearly raised, and it need not conjure up unpled allegations to save a complaint."  Gregory v. Dillard's, Inc., 565 F.3d 464, 473 (8th Cir. 2009) (affirming district court's decision to grant motion to dismiss plaintiffs' section 1981 claims) (internal citations omitted).  A pleading

that offers labels, bare assertions, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," is insufficient to avoid dismissal. Iqbal, 556 U.S. at 678; Edwards, 2019 WL 2745743, at *3 (same).

## III. ARGUMENTS AND AUTHORITIES

### A. Plaintiff's Complaint Should be Dismissed Because Plaintiff Fails to State a Race Discrimination Claim under Section 1981.

Federal courts have the power to adjudicate discrimination actions brought under Section 1981. "[This] court has identified several elements to a claim under § 1981, which [are] divide[d] into four parts for analysis: (1) membership in a protected class, (2) discriminatory intent on the part of the defendant, (3) engagement in a protected activity, and (4) interference with that activity by the defendant." Combs v. Cordish Companies, Inc., No. 14-0227-CV-W-ODS, 2015 WL 3716190, at *12 (W.D. Mo. June 15, 2015), aff'd in part, rev'd in part sub nom. Combs v. The Cordish Companies, Inc., 862 F.3d 671 (8th Cir. 2017); Gregory v. Dillard's, Inc., 565 F.3d 464, 469 (8th Cir. 2009); see Green v. Dillard's, Inc., 483 F.3d 533, 538 (8th Cir. 2007); Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004).

Plaintiff fails to plead the second, third, and fourth elements necessary in order to establish a valid claim under section 1981. Specifically, Plaintiff's claim fails to allege facts (1) of racial discrimination impairing his contractual rights – the fourth element; (2) demonstrating, or from which one can even reasonably infer, intent by Defendant to discriminate against Plaintiff based on his race – the second element; and (3) that Plaintiff engaged in any protected activity upon which Drunken Fish could purportedly interfere – the third element.

### 1. Plaintiff Fails To Plead Any Racial Discrimination Impairing His Contractual Rights.

"[A]ny claim brought under § 1981...must initially identify an impaired 'contractual relationship' under which the plaintiff has rights" because Section 1981 "does not provide a

general cause of action for race discrimination…." Combs v. The Cordish Companies, Inc., 862 F.3d 671, 680 (8th Cir. 2017) (internal quotations and citations omitted). Plaintiff identifies only a single allegation in his Complaint of the "impaired contractual relationship" under which he allegedly has rights. (Compl. ¶26.) Accordingly, Plaintiff limits the contractual right purportedly impaired to the single, unsupported, and conclusory allegation that Drunken Fish "denied him access to its restaurant, denied him available seating within the restaurant, and denied him from taking advantage of its discount pricing." Id.

> **a. Drunken Fish did not interfere with Plaintiff's contractual right because Plaintiff -- not Drunken Fish -- "thwarted" any attempt to make a contract.**

Aside from conclusory allegations, Plaintiff fails to state a claim because he fails to plead that Drunken Fish "thwarted" his attempt to make a contract. To demonstrate unlawful interference by a merchant under Section 1981. Plaintiff must show that the merchant "thwarted" the shopper's attempt to make a contract. Green v. Dillard's, Inc., 483 F.3d 533, 539 (8th Cir. 2007). In Gregory, the Eighth Circuit sitting *en banc* gave expanded guidance as to what constitutes unlawful interference. Gregory v. Dillard's, Inc., 565 F.3d 464, 471 (8th Cir. 2009). It strongly emphasized that "not all offensive conduct of a merchant constitutes actionable interference" consistent with the conclusions of several other courts. Id. at 476. In Gregory, the Eighth Circuit limited actionable interference almost exclusively to circumstances where the plaintiff was prevented by the defendant, and not just deterred, from making a purchase or receiving a service. [2] Id. at 471; Arguello v. Conoco, Inc., 330 F.3d 355, 358–59 (5th Cir. 2003)

---

[2]The decision in Gregory essentially limited the Eighth Circuit's holding in Green v. Dillard's, Inc., 483 F.3d 533 (8th Cir. 2007), only "to cases where the defendant's actions are overtly or unequivocally racist." Withers v. Dick's Sporting Goods, Inc., 2010 WL 11545685, at *8 (W.D. Mo. Jan. 7, 2010) (granting summary judgment where plaintiffs alleged defendant violated Section 1981 by engaging in discriminatory surveillance and harassment), aff'd, 636 F.3d 958 (8th Cir. 2011). See Green v. Dillard's, Inc., 483 F.3d 533 (8th Cir. 2007) (finding unlawful interference

(holding no actionable interference where plaintiff voluntarily set product on counter and left without trying to buy it after sales clerk made racially derogatory remarks and mistreated plaintiff's daughter); <u>Garrett v. Tandy Corp.</u>, 295 F.3d 94, 101 (1st Cir. 2002) (holding no actionable interference where plaintiff alleged that three employees monitored him throughout his visit to the store because of his race); <u>Bagley v. Ameritech Corp.</u>, 220 F.3d 518, 520-22 (7th Cir. 2000) (holding no actionable interference in granting motion to dismiss where plaintiff left store after customer was "offended" by sales clerk who refused to serve him, made obscene gesture, and previously stated that "I hate fucking Mexicans" because the merchant was "not responsible for terminating the transaction").[3] By "thwart," the Eighth Circuit has found that interference is only established where a merchant "blocks" the creation of a contractual relationship. <u>Withers v. Dick's Sporting Goods, Inc.</u>, 636 F.3d 958, 966 (8th Cir. 2011) (affirming summary judgment in finding merchant did not unlawfully interfere with customer's protected activity when plaintiffs abandoned their purchase at the cash register after allegedly discriminatory surveillance).

In <u>Smith v. Planned Parenthood of St. Louis Region</u>, the district court dismissed plaintiff's Section 1981 claim for failure to state a claim where the African American plaintiff alleged she,

---

with protected activity where sales clerk explicitly refused service to two shoppers because of their race, treated the shoppers at all times with pronounced hostility, discouraged a coworker from assisting shoppers by questioning their ability to pay, and, after one shopper identified himself as a police officer, asked to make a purchase, and showed the clerk his credit cards, "the sales clerk 'stepped back and said, 'Fucking niggers' and stalked off'").

[3] <u>See also</u> <u>Morris v. Office Max, Inc.</u>, 89 F.3d 411, 414 (7th Cir. 1996) (holding no actionable interference under § 1982, although store's conduct was "undoubtedly disconcerting and humiliating" and may have "discouraged" plaintiffs from patronizing the store, where no evidence that plaintiffs were interested in merchandise); <u>Hampton v. Dillard Dep't Stores, Inc.</u>, 247 F.3d 1091, 1108 (10th Cir. 2001) (stating that "discriminatory surveillance" alone is not actionable under § 1981) (citations omitted); <u>cf.</u> <u>Elmahdi v. Marriott Hotel Services, Inc.</u>, 339 F.3d 645, 652-53 (8th Cir. 2003) (holding that "offensive" racial comments in the workplace fell short of the "severe and pervasive" harassment required to establish a legally cognizable claim of racial harassment under § 1981).

along with other minorities, received adverse treatment based on race compared to Caucasian patients. No. 4:03-CV-1727 CAS, 2005 WL 2298202, at *3 (E.D. Mo. Sept. 21, 2005). The court held that plaintiff failed to show the alleged discrimination impaired her contractual right under Section 1981 because defendant did not refuse plaintiff admittance or service. Smith, 2005 WL 2298202, at *3 (E.D. Mo. Sept. 21, 2005) (citing Robertson v. Burger King, Inc., 848 F.Supp. 78, 81 (E.D.La. 1994) (dismissing claim where "plaintiff was not denied admittance or service"); Stearnes v. Baur's Opera House, Inc., 788 F.Supp. 375, 378 (C.D.Ill. 1992) (granting summary judgment against African-American patron for failure to show the manager "refused Plaintiff admittance to the bar or service while he was there"); cf. Watson v. Fraternal Order of Eagles, 915 F.2d 235, 243 (6th Cir. 1990) (allegations by African-American guests at party held in fraternal club that club asked them to leave in order to avoid having to sell them soft drinks stated actionable claim under § 1981).

This Court must dismiss Plaintiff's Complaint for failure to state a Section 1981 claim because Plaintiff fails to plead any facts that Drunken Fish impaired Plaintiff's contractual rights. Plaintiff fails as a matter of law to plead that Drunken Fish "thwarted" Plaintiff's ability to make a contract with Drunken Fish because Plaintiff abandoned any effort to enter into a contract by voluntarily leaving the restaurant and because Plaintiff declined Drunken Fish's offer for service at tables that later became available. Similar to the plaintiff in Withers, Plaintiff abandoned any purported effort to make a contract by choosing to leave the restaurant instead of making a reservation or waiting for a table to become available. (Compl. ¶20.) Similar to the plaintiff in Smith, Plaintiff was not denied admittance or service because Plaintiff was permitted to enter (and remain in) the restaurant and Plaintiff declined the offer to take advantage of the tables that had later become available on a "first come first serve basis." Id. Accordingly, the Complaint must

be dismissed for failure to state a claim under Section 1981 because Plaintiff – not Drunken Fish – thwarted any attempt to enter into a contractual relationship and that purported interference is not actionable under Section 1981. See Gregory. 565 F.3d at 471.

### b. Drunken Fish did not interfere with Plaintiff's contractual rights because Plaintiff, at worst, suffered a delay in service, which is insufficient to constitute a claim under Section 1981.

Specifically in the restaurant context, courts have consistently held that a delay of service is insufficient to constitute a Section 1981 claim. In Robertson v. Burger King, Inc., the server stopped serving the black plaintiff to serve white people who arrived after the black plaintiff. 848 F. Supp. 78, 80–81 (E.D. La. 1994).[4] The plaintiff alleged that everyone began laughing at him after he complained about the lack of service provided to him. Id., at 79. After overhearing the plaintiff's complaint, the assistant manager ultimately served the plaintiff. Id. The court granted defendant's motion to dismiss plaintiff's Section 1981 claim holding that a delay in service, unlike a denial of service, does not constitute a Section 1981 violation. Id., 848 F. Supp. at 81; see Harrison v. Denny's Restaurant, Inc., 1997 WL 227963 (N.D.Cal. April 24, 1997) (granting summary judgment of section 1981 claim due to delay in restaurant service).[5]

In Avington v. Andales Rest. Corp., the District Court granted defendant's motion to dismiss of plaintiffs' Section 1981 claims because plaintiffs failed to allege sufficient facts that the conduct of defendant's employee interfered with that contractual relationship. No. 10-CV-0640-CVE-FHM, 2011 WL 256879, at *3 (N.D. Okla. Jan. 25, 2011). The Avington plaintiffs alleged

---

[4] See Smith, 2005 WL 2298202, at *3 (E.D. Mo. Sept. 21, 2005) (relying on Robertson as support of dismissal of plaintiff's section 1981 claim where plaintiff was not denied admittance or service).
[5] Cf. McCaleb v. Pizza Hut of Am., Inc., 28 F. Supp. 2d 1043, 1048 (N.D. Ill. 1998) (denying summary judgment of Section 1981 claims where employee called plaintiffs a racial epithet and refused to provide them service upon their arrival, plaintiffs were not provided plates or utensils with their food, plaintiffs were denied drinks after white patrons had obtained drinks, and employees harassed plaintiffs in the parking lot after the meal in a threatening manner while using derogatory and racially offensive language).

they received slower service than other Caucasian customers and that, as a result of that slow service, they chose to leave the restaurant, rather than wait to be served; however, the plaintiffs never claimed that they were refused service whatsoever. Id. The court found that the delayed service, even if based on racial animus, did not constitute an interference with the contractual relationship under Section 1981 due to the absence of any facts indicating the restaurant did not intend to serve them if they remained. Id. See White v. Denny's Inc., 918 F. Supp. 1418, 1429 (D. Colo. 1996) (specifically rejecting plaintiffs' reliance on the "preferential seating" issue of seating white patrons before the black plaintiffs as a basis for a Section 1981 claim in granting summary judgment on plaintiffs' Section 1981 claims).

Here, Plaintiff fails to state a claim under Section 1981 because Plaintiff pleads circumstances where he was at most deterred, and not prevented, from making a purchase or receiving service. Accepting the Complaint as true, Plaintiff was not denied access to the restaurant. To the contrary, he was never asked to leave and was never prevented from remaining in the restaurant to wait for a table. Instead, Plaintiff voluntarily left the restaurant after learning there would be a delay in service due to "all [of] the tables [being] reserved." (Compl. ¶18.)

Similarly accepting the Complaint as true, Plaintiff was not denied available seating in the restaurant. Indeed, Plaintiff was simply denied _immediate_ access to be seated without a reservation because "all the tables were reserved" at _that_ time. (Compl. ¶18.) Plaintiff fails to plead that any _available_ table existed at the time his request was denied because the tables at which he sought to be seated had been reserved. Id. In fact, Drunken Fish did not deny Plaintiff the ability to take advantage of its services once seating had become available. After the delay in time in which Plaintiff left the restaurant and eventually returned home to call Drunken Fish, Drunken Fish advised Plaintiff that he was able to take advantage of tables that had become available at that time

on a "first come first serve" basis. (Compl. ¶20.) After learning tables were available, Plaintiff

declined the services offered by Drunken Fish, terminating any potential contractual relationship.

Further accepting the Complaint as true, Plaintiff was not denied from taking advantage of

Drunken Fish's discount pricing whatsoever. For instance, Plaintiff fails to plead that Drunken

Fish denied him the ability of taking advantage of the discount pricing at the bar or elsewhere in

the restaurant instead of the already reserved tables; taking advantage of the discount pricing at a

later time with or without a reservation; and/or taking advantage of the discount pricing by ordering

food to go. In addition, as explained further herein <u>supra</u> III.A.1.a, Plaintiff chose not to wait for

a table to become available; chose not to wait in case anyone cancelled or missed a reservation;

chose not to make a reservation despite having that unimpaired ability; chose to leave the

restaurant; chose to decline Drunken Fish's offer to receive service at tables that had later become

available; and chose not to return to the restaurant.

Accordingly, Plaintiff's Complaint should be dismissed because, Plaintiff pleads

circumstances where he was at most deterred or delayed from receiving service and that purported

interference is not actionable under Section 1981.

> **2.      Plaintiff's Complaint Must be Dismissed Because Plaintiff Fails to Plead any Intentional Racial Discrimination.**

Plaintiff "must show intentional discrimination on account of race" to survive a motion to

dismiss a section 1981 claim. <u>Evans v. McKay</u>, 869 F.2d 1341, 1344 (9th Cir. 1989).[6] "Bare

assertions constituting merely conclusory allegations failing to establish elements necessary for

---

[6]<u>See</u> <u>Gen. Bldg. Contractors Ass'n, Inc. v. Pennsylvania</u>, 458 U.S. 375, 391 (1982); <u>Jafree v. Barber</u>, 689 F.2d 640, 643 (7th Cir. 1982); <u>Littlejohn v. City of New York</u>, 795 F.3d 297, 311 (2d Cir. 2015) (finding that to survive a motion to dismiss under Section 1981, "what must be plausibly supported by facts alleged in the complaint is that the plaintiff is a member of a protected class, was qualified, suffered an adverse employment action, and has at least minimal support for the proposition that the employer was motivated by discriminatory intent.").

recovery will not suffice." <u>Williams v. First Nat. Bank of St. Louis</u>, No. 4:14CV01458 ERW, 2014 WL 5800199, at *2 (E.D. Mo. Nov. 7, 2014). Meaning, "[t]he complaint must allege specific facts supporting both the existence of the racial animus and the inference of a link between the adverse treatment and the racial animus." <u>Connectors Realty Grp. Corp. v. State Farm Fire & Cas. Co.</u>, No. 19 C 743, 2019 WL 5064699, at *5 (N.D. Ill. Oct. 9, 2019) (citing <u>Mears v. Allstate Indemnity Co.</u>, 336 F. Supp. 3d 141, 150 (E.D.N.Y. 2018) (quoting <u>Dickerson v. State Farm Fire & Cas. Co.</u>, 1996 WL 445076, at *3 (S.D.N.Y. 1996)).

### a. Plaintiff fails to plead any specific, or even general, facts of racial animus.

Aside from naked legal conclusions, Plaintiff fails to plead the requisite facts to support the existence of any racial animus or the inference of any adverse treatment based on racial animus necessary to survive dismissal. (<u>See</u> Compl. ¶¶ 22-29, which are the only allegations of referring to race or any discrimination); <u>see</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) ("[A] complaint will not suffice if it tenders naked assertions devoid of further factual enhancement."). Thus, Plaintiff has failed in his Complaint to allege any facts establishing evidence of discriminatory intent or evidence sufficient upon which to even draw a reasonable inference that Defendant intended to discriminate against him based on his race. <u>Kerckhoff v. Kerckhoff</u>, 369 F. Supp. 1165, 1166 (E.D. Mo. 1974) (dismissing plaintiff's complaint and motion for leave to file amended complaint because plaintiff failed to allege any facts to support a section 1981 claim aside from conclusory allegations); <u>see</u> <u>Colomer v. Wells Fargo Bank, N.A.</u>, CV 09-3876-VBF(JWJX), 2009 WL 10675562, at *3 (C.D. Cal. Sept. 8, 2009) (granting defendants motion to dismiss because a section 1981 claim cannot allege merely conclusory allegations).

**b. Plaintiff fails to plead he was treated differently from similarly situated nonmembers of his protected class.**

Plaintiff's Complaint is also devoid of any inference of racial discrimination because Plaintiff fails to plead that he was treated differently than any similarly-situated non-African American individual. "One way for the claimant to establish the second element, the defendant's intent to discriminate, is to show that he was treated differently from similarly situated nonmembers of the protected class." Turner v. Gonzales, 421 F.3d 688 (8th Cir. 2005). Plaintiff has set forth no facts, and makes no allegations, that he was treated differently from similarly situated nonmembers of the protected class – particularly as the only comparator he identifies is a party of one with a reservation when he was a part of a party of three with no reservation. Accordingly, Plaintiff's Complaint fails to set forth the elements of a claim under § 1981 and must be dismissed.

**c. Plaintiff fails as a matter of law to plead that he was similarly situated to the unknown Caucasian male.**

To the extent the Court interprets that Plaintiff intended – albeit failed – to plead that he was similarly-situated to the unknown Caucasian male referenced in his Complaint, Plaintiff's Complaint must still be dismissed because Plaintiff and that unknown male were not similarly situated as a matter of law. "When plaintiffs seek to draw inferences of discrimination by showing that they were "similarly situated in all material respects" to the individuals to whom they compare themselves, Shumway v. United Parcel Serv., Inc., 118 F.3d 60, 64 (2d Cir. 1997), their circumstances need not be identical, but there should be a reasonably close resemblance of facts and circumstances. What is key is that they be similar in significant respects." Stucky v. Wal-Mart Stores, Inc., No. 02-CV-6613 CJS(P), 2005 WL 2008493, at *8 (W.D.N.Y. Aug. 22, 2005). In Lizardo, the district court found that the Caucasian patrons with whom the Asian American

plaintiffs compared themselves were not similarly situated under a Section 1981 claim, and the

Second Circuit upheld that determination, writing:

> Whether two people are similarly situated is usually a question of fact for the jury. However, plaintiffs have not offered sufficient evidence from which a jury could reach that conclusion. As the district court noted, the groups to which plaintiffs sought to compare themselves were smaller in size, an obviously significant factor in restaurant seating. The plaintiffs identified three groups of individuals who were seated before them: the [] party of four Caucasians, a party of two to three Caucasians, and a third group of three to four Caucasians. The record is devoid of evidence that the tables at which these smaller groups were seated could have accommodated plaintiffs' original party of five, much less their expanded party of seven. Plaintiffs have failed to offer evidence from which to conclude that they were similarly situated to these groups.

Lizardo v. Denny's Inc., 270 F.3d 94, 101 (2d Cir. 2001) (citation omitted).

Plaintiff's Complaint must be dismissed because Plaintiff was dissimilar to the unknown

Caucasian male "in [all] significant respects." See id. Specifically, Plaintiff was dissimilar to the

unknown Caucasian male in party size; possession of a reservation; and engagement in purportedly

protected activity.

Based on the differences in party sizes alone, this Court should dismiss the Complaint

because the pleading is devoid of any facts from which to conclude Plaintiff was similarly situated

to the unknown Caucasian individual. Here, similar to Lizardo, Plaintiff's party of three is larger

than the purported comparator's party of one and that difference in party size has a direct relation

as to what seats may be available (even if the Caucasian male did not have a reservation).

Additionally similar to Lizardo, the pleading is devoid of evidence that the table at which the

unknown Caucasian individual was seated could have accommodated Plaintiff's party of three.

Because differences in party sizes is "an obviously significant factor in restaurant seating" cases

under Section 1981 and the Caucasian individual to which Plaintiff may eventually seek to

compare himself was a party three times smaller in size, this Court should dismiss Plaintiff's

Complaint as a matter of law for failing to plead any facts to support the second element of his sole Section 1981 claim.

Moreover, because the unknown Caucasian individual had a reservation and Plaintiff did not, the Court must dismiss the Complaint. Accepting the pleading as true, the unknown Caucasian male was seated because he "was on the list" of reservations. (Compl. ¶19.) Contrary to the unknown Caucasian male, Plaintiff on the face of the Complaint did <u>not</u> make a reservation and, thus, was <u>not</u> on the list of reservations. (Compl. ¶¶12,14,18.)[7] Because Plaintiff was dissimilar to the unknown Caucasian individual in the "significant aspect" of possessing a reservation, this Court should dismiss the Complaint for failing to plead any facts to support the second element of his sole Section 1981 claim.

Further, because the Complaint is devoid of any facts that Plaintiff wished to participate in the same purportedly protected activity in which the unknown Caucasian male participated, the Court should dismiss the Complaint. The identified activity in which Plaintiff alleges to have engaged is only "requesting to be seated at Defendant's restaurant for the purpose of purchasing discounted food and enjoying the atmosphere at Defendant's restaurant." (Compl. ¶25.) Plaintiff fails to plead any facts as to whether the unknown Caucasian male was interested in or took advantage of the discounted food provided by Drunken Fish's happy hour and/or whether he was seated in an area in which he was able to take advantage of said discounted food. Unless the unknown Caucasian male was seated at a table where he was able to take advantage of the happy hour food discounts, the fact that the unknown Caucasian male was seated at a table is completely irrelevant for the purpose of determining whether he was similarly situated to Plaintiff.

---

[7] Notably, the reason proffered by Drunken Fish for denying Plaintiff's request to be seated at the unoccupied tables – because "all tables [had been] reserved" – is consistent with the pleaded facts as to why the Caucasian male was able to be seated. (Compl. ¶¶14, 18, 19).

Accordingly, Plaintiff's Complaint must be dismissed because Plaintiff fails to set forth any facts to support the second element of his claim under § 1981.

**3.    Plaintiff's Complaint Must be Dismissed Because Plaintiff Fails to Plead He Engaged in Protected Activity.**

To show protected activity, the third element, a plaintiff alleging interference with the creation of a contractual relationship must demonstrate that he or she "actively sought to enter into a contract with the retailer," and made a "tangible attempt to contract." Gregory v. Dillard's, Inc., 565 F.3d 464, 470 (8th Cir. 2009); Green, 483 F.3d at 538 (quoting Morris v. Dillard Dep't Stores, Inc., 277 F.3d 743, 752 (5th Cir.2001)). The decision in Gregory v. Dillard's, where the Eighth Circuit affirmed a grant of summary judgment to a defendant in an analogous retail context, is instructive.

In Gregory, a black woman was shopping at the defendant's store and picked up items which she alleged she intended to purchase. An employee followed her throughout the store. When the plaintiff emerged from a changing room, two police officers were watching her. The plaintiff interpreted it as racially discriminatory surveillance and was offended. The plaintiff decided not to purchase her items after demanding to complain to the manager. Id., at 481. The Court of Appeals affirmed that the customer's right to contract under Section 1981 had not been thwarted based on her decision to abandon the purchase. Id., at 474. See also Thomas v. Foods Festival, Inc., No. 4:10-CV-01010-DGK, 2012 WL 2577517, at *4 (W.D. Mo. July 3, 2012) (granting summary judgment on Section 1981 claim where black plaintiff chose not to purchase items after white cashier allegedly denied her the ability to purchase items with the inference that it was stealing and manager subsequently intervened to offer plaintiff the ability to purchase the items).

Plaintiff's Complaint fails to state he engaged in any protected activity upon which a Section 1981 claim may be based because Plaintiff – not Drunken Fish – abandoned the decision

to make a contract. Notably, as detailed herein, <u>supra</u> Section III.A.1.a, Plaintiff failed to engage in any protected activity because he abandoned the decision to eat at Drunken Fish when he left the restaurant instead of making a reservation right then and there or waiting for an available table. He also failed to engage in a protected activity when he declined to return to the restaurant when he learned tables had later become available for him to use on a "first come first serve basis." Accordingly, for the aforesaid reasons and those enumerated herein <u>supra</u> Section III.A.1.a, Plaintiff's Complaint must be dismissed for failure to state any facts sufficient to support the third element of his Section 1981 claim.

## IV.     CONCLUSION

Plaintiff's Complaint fails to state a claim under Section 1981 because Plaintiff fails to plead (1) that his right to make and enforce contracts under § 1981 was thwarted by Drunken Fish's conduct; (2) that Drunken Fish intentionally discriminated against him on the basis of his race; and (3) that he engaged in any activity protected by the statute. Because Plaintiff has failed to plead these essential elements of his case, Drunken Fish respectfully requests the Court enter an order dismissing Plaintiff's claim against Drunken Fish and for such other relief the Court deems necessary and proper.

Respectfully submitted,

POLSINELLI PC


By: */s/ Henry J. Thomas*
    ROBERT J. HINGULA (MO #56353)
    HENRY J. THOMAS (MO #66279)
    900 W. 48th Place, Suite 900
    Kansas City, MO 64112
    Telephone: (816) 753-1000
    Facsimile: (816) 753-1536
    rhingula@polsinelli.com
    hthomas@polsinelli.com

    ATTORNEYS FOR DEFENDANT THE
    DRUNKEN FISH, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certify that on the 6th day of March, 2020, a true and correct copy of the above and foregoing was electronically filed with the Clerk of the Court by using the Court's eFiling System, and a copy of same was sent by electronic mail and by U.S. Mail, to the following:

| | |
|---|---|
| Henry W. Tanner, Jr. | Reginald Stockman |
| The Law Firm of Henry Tanner LLC | Stockman Law Firm |
| 1432 E. 49th Ter. | 1828 Swift St., Suite 302 |
| Kansas City, MO  64110 | North Kansas City, MO 64116 |
| 816.547.2162 | 816.333.7314 |
| henry@htannerlaw.com | Reginald@stockmanlawkc.com |

ATTORNEYS FOR PLAINTIFF


    */s/ Henry J. Thomas*
    Attorney for Defendant