IN THE UNITED STATES DISTRICT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DISTRICT

| | |
|---|---|
| DAVID SPRIGGS, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> THE DRUNKEN FISH, INC. ) <br> ) <br> Defendant. ) <br> ) <br> ) | Case No. 4:20-cv-00154-BP <br><br> **JURY TRIAL DEMANDED** |

## FIRST AMENDED COMPLAINT

Plaintiff David Spriggs ("Plaintiff") for his First Amended Complaint for Damages against The Drunken Fish, Inc. ("Defendant") states and alleges as follows:

## PARTIES

1. Plaintiff is an individual residing at 12420 Bennington Place, Apt. 11, St. Louis Mo, 63146.

2. Defendant is a close corporation authorized to conduct business within the state of Missouri, and maintains a place of business located at 14 E. 14th Street, Kansas City, MO 64106.

## JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court because the issues herein arise under the laws of the United States.

4. Venue is proper in this Court.

## BACKGROUND

5. Defendant is "A Modern Japanese Restaurant" specializing in sushi that has received a multitude of awards since 2007 according to its website.

6. Plaintiff is an African American male who has been a lifelong resident of Kansas City, Missouri.

7. On or about May 22, 2018, Plaintiff called Defendant by telephone to inquire about "happy hour" and was advised by a representative that happy hour was from 2:26 p.m. to 6:26 p.m. featuring 26 items at a discounted price.

8. That same day, Plaintiff and two (2) friends went to Defendant's location at the Kansas City Power & Light District arriving at approximately 5:26 p.m, an hour before happy hour was scheduled to end according to the information Plaintiff received earlier that day from Defendant.

9. Upon arrival, a representative for Defendant met Plaintiff and his party at the door and asked how she could help Plaintiff and his party.

10. A member of Plaintiff's party, Daniel Spriggs, responded that they were there for happy hour and requested a table to seat a party of (3) three.

11. The representative for Defendant denied the request and said that Plaintiff and his party needed "a reservation to use *our* happy hour."

12. Daniel repeated his request on behalf of Plaintiff and the party and said again that they would like a table for a party of (3) three and they would like to take

advantage of Defendant's happy hour.

13. The representative denied the request *again* and reaffirmed that because Plaintiff and his party did not have reservations, they would not be allowed a table for three, nor could they take advantage of Defendant's happy hour.

14. The representative for Defendant did not advise Plaintiff of any wait time for a table, nor asked whether Plaintiff wanted to place his name on the "reservation list."

15. Daniel explained that he worked as a bartender for several bars located at Kansas City's Power & Light District and that he had never heard of such a rule for happy hour--*reservation only*.

16. Defendant's representative responded: "that's how it is at Drunken Fish."

17. Plaintiff then asked if he and his party could sit at one of the unoccupied tables on the patio, which was outdoors, and the representative for Defendant declined Plaintiff's request.

18. Plaintiff asked if he and his party could sit at one of the unoccupied tables inside of the restaurant and the representative for Defendant denied Plaintiff's request stating that all tables were reserved.

19. Indeed, Plaintiff contends that Defendant had no such "reservation list" for its happy hour. Rather, the "reservation list" was trumped up by Defendant to engage in subtle racism and thwart the ability of African Americans from taking advantage of its happy hour and other privileges and enjoyment afforded to other non African-American patrons.

20. To illustrate Plaintiff's contention, while Plaintiff and his party were standing at the door, a Caucasian male approached and requested a table to be seated. The representative said to the Caucasian male: "you have a reservation right?" With a look of confusion on his face, the Caucasian male paused and the representative said "I have you on the list so come in to be seated."

21. The Caucasian male never confirmed any reservation; in fact, he never gave his name to Defendant's representative. It was clear that the Caucasian male had no reservation and that he was seated and allowed to take advantage of Defendant's happy hour because of his race.

22. Having had multiple attempts thwarted by Defendant to be seated and take advantage of Defendant's happy hour, and after watching a the Caucasian male be seated who was not on any reservation list, Plaintiff and his party left the restaurant.

23. Plaintiff believed and still believes that Defendant intended to exclude him from being seated and exclude him from taking advantage of happy hour because of his race, and that the trumped up "reservation list" was just a means to an end.

24. To get even more information about the trumped up "reservation list" for happy hour, Plaintiff called Defendant's restaurant a **second time** that day. The representative said that happy hour was from 2:26 p.m. to 6:26 p.m. with 26 items. Plaintiff asked were there any available tables and the representative said **"several"** tables were available for seating. Plaintiff then asked whether a reservation was necessary and the representative said that Defendant **did not take**

**reservations for happy hour because it's "first come first serve."**

25. Plaintiff even called the next day and spoke with another representative named Sarah about making a reservation for happy hour and she said that Defendant did not take reservations for happy hour.

26. Based on the information received by Plaintiff from Defendant on *three* different occasions by phone, there was no reservation requirement for happy hour. However, when in person and his race cable of being observed, Plaintiff was refused seating and refused the option to engage in happy hour because he was not on a reservation list.

## COUNT I
## RACE DISCRIMINATION IN VIOLATION OF
## 42 U.S.C. § 1981

27. Plaintiff hereby incorporates by reference as if fully stated herein the allegations contained in the foregoing paragraphs.

28. Defendant discriminated against Plaintiff in violation of 42 U.S.C. § 1981.

29. Plaintiff is an African American male and is protected from discrimination under 42 U.S.C. § 1981.

30. Plaintiff engaged in protected activity when he actively sought to make and enforce a contract by requesting to be seated at Defendant's restaurant for the purpose of purchasing discounted food and enjoying the atmosphere at Defendant's restaurant, among other things.

31. Defendant interfered with Plaintiff's right to enter into and enjoy the benefits and

privileges of the contract when it denied him access to its restaurant, denied him available seating within the restaurant, and denied him from taking advantage of its discounted pricing.

32. Defendant's interference with Plaintiff's contractual rights was intentional and based on Plaintiff's race in violation of 42 U.S.C. § 1981.

33. Defendant's actions against Plaintiff were outrageous because Defendant had an evil motive and/or reckless indifference to the rights of others.

34. As a direct and proximate result of Defendant's discrimination, Plaintiff has and will continue to suffer from emotional distress, incovenience, mental anquish, loss of enjoyment of life and other non-pecuniary damages, reasonable attorneys' fees and costs necessary for litigation.

WHEREFORE, Plaintiff David Spriggs requests that this Court enter judgment in his favor and against Defendant The Drunken Fish Inc., and award Plaintiff damages as proven at trial, including compensatory damages, punitive damages, attorneys' fees and related litigation and enforcement expenses and such other and further relief as just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury for all issues herein.

Dated: March 27, 2019

By:   /s/*Henry W. Tanner. Jr.*
     Henry W. Tanner Jr. (66277)
     The Law Firm of Henry Tanner LLC
     1432 E. 49th Terrace,
     Kansas City, Missouri 64110
     Telephone: 816.547.2162
     Email: henry@htannerlaw.com

     Attorney for Plaintiff